UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

OAKER R. COATS, JR.; JERRY L.
KENNON, JR.,
Plaintiffs-Appellants,

v.

CARL R. BAKER, Chief, Chesterfield
County, Virginia Police Department

(Colonel); KARLA J. GERNER,
Director, Chesterfield County,
Virginia Human Resource
Management; CHESTERFIELD COUNTY,
VIRGINIA,
Defendants-Appellees.

No. 98-1360

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-97-891)

Argued: December 2, 1998

Decided: January 5, 1999

Before WILLIAMS and MOTZ, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Patrick Geary, Richmond, Virginia, for Appel-
lants. Steven Latham Micas, County Attorney, Chesterfield, Virginia,

for Appellees. **ON BRIEF:** Jeffrey L. Mincks, Deputy County Attorney, Stylian P. Parthemos, Senior Assistant County Attorney, Chesterfield, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Two police officers, Oaker R. Coats and Jerry Kennon, were terminated from their employment with the Chesterfield County Police Department based upon violations of police department policy. After initiating and completing several stages of a County employee grievance proceeding to contest their terminations, Coats and Kennon were reinstated, but received other, less severe, sanctions and the County cancelled the remainder of the grievance proceedings relating to the terminations. Coats and Kennon were informed of their right under County policy to initiate a new grievance process to contest the new sanctions. Coats and Kennon sued the Chief of Police, the Director of Human Resource Management, and the County of Chesterfield (collectively Defendants) for violating their due process rights as guaranteed by the United States Constitution. The district court granted the defendants' motion for summary judgment and Coats and Kennon appeal. We affirm.

I.

After serving for several years with the Chesterfield County Police Department, Coats and Kennon were terminated by the Chief of Police, Carl Baker, for dishonesty, neglect of duty, and misconduct. These charges stemmed from incidents of "double-dipping," during which Coats and Kennon worked and were paid for off-duty employment during the same hours when they were assigned and paid by the Chesterfield County Police Department. Five other Chesterfield

2

County police officers also were accused of double-dipping and either resigned, retired, or were terminated because of the charges. An investigation concluded that Coats had double-dipped thirty-three times and that Kennon had double-dipped twenty-eight times during a three-year period. The local newspaper reported the terminations and attendant circumstances but did not identify the police officers.

In accordance with the Chesterfield County Grievance Procedure, Coats and Kennon each filed a grievance contesting their terminations, but the terminations were upheld through the first three steps of the grievance proceeding. Before the grievance could advance to the fourth stage, which involved a trial-like review by three private county residents making up the Chesterfield Personnel Appeals Board (Appeals Board), Police Chief Baker intervened. In letters dated October 21, 1997, just before the Appeals Board was to convene, Baker reinstated both Coats and Kennon and imposed a lesser sanction. The new sanction included suspension without pay from the original termination date until October 26, 1997; a one-year probation including a prohibition on off-duty employment; and restitution to the Police Department for the value of the time involved in the double-dipping. Baker stated that he had reduced the sanction because new evidence tended to show that Coats's and Kennon's behavior was not as egregious as the other police officers charged with double-dipping.

Despite returning to their jobs as police officers, Coats and Kennon wished to continue the grievance proceeding and to plead their cases before the Appeals Board. In a separate letter from Karla Gerner, the Director of Human Resource Management for Chesterfield County, Coats and Kennon were informed that because of the reduced sanction, the grievance proceedings related to their original terminations were canceled. Both Gerner's letter and Baker's October 21, 1997, reinstatement letters, however, notified the officers that they could initiate another grievance process in regard to the newly imposed sanctions.

Rather than institute new grievance proceedings, Coats and Kennon brought suit in federal district court and claimed that the terminations of their grievance proceedings violated the Due Process Clause of the Fourteenth Amendment. The district court granted the Defendants' motion for summary judgment, determining that Coats and

3

Kennon had access to a constitutionally sound grievance procedure and that they failed to exhaust their remedies under that process.

Coats and Kennon contest the grant of summary judgment, arguing that their liberty and property interests were implicated by the terminations and attendant publicity, thus entitling them to due process. Because these interests were implicated, they claim that Chesterfield County's cancellation of the grievance proceeding after their reinstatement to the police department deprived them of due process.

II.

We have reviewed the record, briefs, and pertinent case law in this matter, and we have had the benefit of oral argument. Our careful review persuades us that the rulings of the district court were correct. Accordingly, we affirm on the reasoning set forth in the district court's opinion. See Coats v. Baker, C.A. No. 3:97CV891 (E.D. Va. Feb. 17, 1998).

AFFIRMED

4